UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

∗ ∗ ∗

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>DAMIEN PATILLO,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:22-cr-00057-JCM-NJK<br><br>ORDER |

Presently before the court is defendant Damien Patillo's motion to suppress and to request for an evidentiary hearing. (ECF Nos. 69, 70 (corrected image)). The government filed a response (ECF Nos. 71, 73 (corrected image)), to which defendant replied (ECF No. 74).

Also before the court is Magistrate Judge Koppe's report and recommendation ("R&R") denying the motion to suppress. (ECF No. 75). Defendant objected (ECF No. 75), to which the government responded. (ECF No. 78).

For the reasons set forth below, the court affirms Judge Koppe's R&R and denies defendant's motion to suppress.

I.　**Background**

The government charges defendant with being a felon in possession of a firearm, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense. (ECF No. 34). Defendant moves to suppress "all" evidence seized from the alleged crimes and for an evidentiary hearing. (ECF No. 70). The court summarizes the facts provided in Judge Koppe's R&R as necessary to the resolution of defendant's motion.

Las Vegas Metropolitan Police Department ("LVMPD") officers conducted a stop of the defendant after being notified by other LVMPD officers that defendant failed to yield to oncoming traffic. (ECF 75). But when the officers activated their patrol lights and sirens, defendant ran

**James C. Mahan**
**U.S. District Judge**

away. (*Id.*). The officers gave chase and defendant was eventually apprehended and identified. (*Id.*). The officers then took him into custody for resisting arrest.

Upon retracing defendant's flight path, the officers found a revolver on the ground and defendant's DNA was later identified on the revolver. (*Id.*). After being Mirandized and acknowledging his rights, defendant denied owning the revolver. (*Id.*). Defendant also repeatedly admitted that he had jaywalked. (*Id.*).

As the officers were about to transport the defendant to jail, one of them conducted a search incident to arrest and found a plastic bag containing methamphetamine in defendant's underwear. (ECF 73-1). A three-count superseding indictment was issued on October 18, 2022, and defendant filed his motion to suppress and request for an evidentiary hearing on March 16, 2023. Trial is currently scheduled for January 8, 2024. (ECF No. 88).

## II.   Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. If a party timely objects to a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. A party making objections must support those objections with points and authorities. LR IB 3-2(a). Responses to objections must be filed and served fourteen (14) days after service of the objection. (*Id.*).

## III.   Discussion

### A. Evidentiary Hearing

The defendant first objects to Judge Koppe's finding that no contested issue of fact exists for an evidentiary hearing. (ECF No. 76, at 5–6). Specifically, defendant argues that whether he jaywalked, and whether the alleged jaywalking was completed prior to seizure, are contested facts

necessitating a hearing. (*Id.*). Judge Koppe found that the defendant's own contradictory assertions were insufficient to create a significant factual dispute to justify a hearing and, upon a de novo review of the record, the court agrees.

"An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because [he] wants one. Rather, the defendant must demonstrate that a *significant* disputed factual issue exists such that a hearing is required." *Id.*, at 621 (quoting *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)) (emphasis added).

Defendant first claims in his objection to the R&R that there is a factual dispute over whether he jaywalked. (ECF No. 76, at 5). Defendant argues that even though he admitted to jaywalking, that does not mean that he actually jaywalked. (*Id.*, at 6). According to the defendant, he only admitted to jaywalking in an attempt to "bargain" with law enforcement to release him. (*Id.*). Thus, his admissions do not support the need for an evidentiary hearing on the matter. (*Id.*).

Not only did the defendant fail to support his arguments with facts bearing "sufficient definiteness, clarity, and specificity," he did not make these arguments in his original request for an evidentiary hearing. *Howell*, 231 F.3d at 620. The Ninth Circuit has instructed that a district judge "has discretion, but is not required, to consider evidence [and arguments] for the first time in a party's objection to a magistrate judge's recommendation." *Id.* at 621–22. The court, in its discretion, declines to consider these new arguments and finds that, based on his own admissions, there is no significant factual dispute as to whether the defendant jaywalked.

Defendant next argues that there is a significant factual dispute regarding the "relative distance" he traveled after jaywalking but "prior to being seized by law enforcement." (ECF No. 76 at 5). But the defendant does not explain what he contends that distance to be, or how that differs from the government's account.

Defendant again fails to support his request for an evidentiary hearing with sufficient definiteness, clarity, and specificity to allow the court to conclude that a contested factual issue

James C. Mahan
U.S. District Judge

- 3 -

actually exists. This argument was also not presented to Magistrate Judge Koppe in the defendant's original request. (*See* ECF No. 70). The court denies the defendant's request for an evidentiary hearing.

### B. Motion to Suppress

Defendant moves to suppress all evidence seized against him. (ECF No. 70, at 1). Judge Koppe found in her R&R that reasonable suspicion existed for the LVMPD officers to conduct a valid *Terry* stop, and also that defendant lacked standing to challenge the seizure of the gun as he had abandoned it. (ECF No. 75, at 12–13). Judge Koppe therefore recommended that the defendant's motion to suppress evidence be denied. The court agrees with Judge Koppe.

The exclusionary rule and the "fruit of the poisonous tree" doctrine require courts to suppress evidence obtained as a "direct result of an illegal search or seizure, as well as evidence later discovered and found to be derivative of an illegality." *United States v. Ngumezi*, 980 F.3d 1285, 1290 (9th Cir. 2020) (citations omitted); *Lingo v. City of Salem*, 832 F.3d 953, 957 (9th Cir. 2016). "These rules are not constitutionally required, but instead are judicially created means of deterring illegal searches and seizures." *Lingo*, 832 F.3d at 957.

Law enforcement may conduct brief investigatory stops based on reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 26 (1968). Reasonable suspicion exists when "an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for a particularized suspicion." *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir.) (*en banc*).

Defendant objects to Judge Koppe's finding that reasonable suspicion existed for the LVMPD officers to conduct a valid *Terry* stop. (ECF No. 76, at 7). Defendant argues that *Terry* stops are not permissive for civil infractions so there was no valid basis to stop him because jaywalking had been "decriminalized" by the Nevada legislature. (*Id.* at 7–8). Judge Koppe correctly found that defendant's argument fails under *Whren v. U.S.* and *U.S. v. Choudhry*.

In *Whren*, the Supreme Court held that when police have probable cause to believe that a traffic violation has occurred, they may conduct an investigatory stop. 517 U.S. 806, 810 (1996). The Ninth Circuit has interpreted *Whren* to apply "generally" to all traffic violations, regardless of

James C. Mahan
U.S. District Judge

whether the violation is subject to criminal enforcement or a civil fine. *United States v. Choudhry*, 461 F.3d 1097, 1102 (9th Cir. 2006). In sum, *Whren* creates an exception, in the context of traffic stops, to the requirement that officers must have reasonable suspicion of *criminal* activity to conduct a valid *Terry* stop. *Id.*

*Whren* and *Choudhry* are thus directly on point. As Judge Koppe explained in her R&R, jaywalking is still a traffic violation in Nevada, subject to enforcement by police. *See* NEV. REV. STAT. § 482.155. The LVMPD officers could therefore conduct a valid investigatory stop of the defendant once they were notified of his jaywalking.

Defendant does not object to Judge Koppe's finding that he did not have standing to object to the seizure of the gun because he had abandoned it. (ECF No. 75, at 7). As such, the court is not obligated to conduct a de novo review of this issue and affirms Judge Koppe's finding. 28 U.S.C. § 636(b)(1) (requiring courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Koppe's R&R (ECF No. 75) is AFFIRMED.

IT IS FURTHER ORDERED that defendant's motion to suppress and request for an evidentiary hearing (ECF No. 69, 70 (corrected image)) be DENIED.

DATED November 2, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -