UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DAMIEN PATILLO,<br><br>Defendant(s). | Case No. 2:22-cr-00057-JCM-NJK<br><br>ORDER |

Presently before the court is defendant Damien Patillo's ("Patillo") motion to dismiss (ECF No. 27). The government filed a response (ECF No. 31), to which Patillo replied (ECF No. 42). For the reasons set forth below, the court denies Patillo's motion.

**I.  Background**

Patillo is charged with being a felon in possession of a firearm, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense. (ECF No. 34). The alleged facts of the case are as follows.

On September 12, 2021, Las Vegas Metropolitan Police Department ("LVMPD") officers observed Patillo jaywalking with a woman. (ECF No. 31, at 2). Patillo, who was wearing a closed bag around his chest, fled through a nearby lot after the officers attempted to approach him. (*Id.*). Following a foot chase, the officers apprehended him and observed that his bag was now fully open. (*Id.*). The officers retraced Patillo's flight path and found a revolver on the ground that later

**James C. Mahan**
**U.S. District Judge**

tested positive for his DNA. (*Id.*). The officers also found individually packaged bags of methamphetamine on Patillo. (*Id.*).

The superseding indictment alleges that Patillo knew he had been convicted previously of nine felony offenses. (ECF No. 34, at 2). These felonies include attempted burglary, domestic violence battery, possession of a stolen vehicle, possession and intent to sell a controlled substance, and possession of a firearm by a prohibited person. (*Id.*). Patillo now moves to dismiss count one (the felon-in-possession charge) of the superseding indictment, arguing that 18 U.S.C. Section 922(g)(1) is unconstitutional based on the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*.[1] 597 U.S. 1 (2022). (ECF No. 27).

## II.     Legal Standard

Under Federal Rule of Criminal Procedure 12(b), a party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b). A criminal indictment can be dismissed on constitutional grounds by a 12(b) motion. *See United States v. Lopez*, 514 U.S. 549, 551–52 (1995); *see also United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007).

## III.    Discussion

The gravamen of Patillo's argument is that *Bruen* abrogated prior Ninth Circuit precedent holding Section 922(g)(1) constitutional. (*See* ECF No. 27, at 9–11). Accordingly, Patillo contends that Section 922(g)(1) should be reevaluated under *Bruen*'s new constitutional framework and found unconstitutional. (*See id.* at 12–27). The government counters that Section 922(g)(1) is constitutional, even under *Bruen*. (*See generally* ECF No. 31). Having considered

---

[1] Though Patillo requested an evidentiary hearing in his motion, he later withdrew that request. (ECF No. 42).

James C. Mahan
U.S. District Judge

- 2 -

the parties' arguments, this court joins the chorus of courts in this circuit that have upheld Section 922(g)(1) and prior Ninth Circuit precedent.[2]  The court therefore resolves Patillo's motion to dismiss under that prior Circuit precedent.

A.  The Supreme Court's Second Amendment Precedent

Patillo argues that *Bruen* "compels the conclusion that Section 922(g)(1) impermissibly infringes upon" his Second Amendment right.  (ECF No. 27, at 3).  Unconvinced by Patillo's argument, the court begins by providing background on the Supreme Court's recent Second Amendment jurisprudence, including *Bruen*.

In *District of Columbia v. Heller*, the Supreme Court found "on the basis of both text and history" that "the Second Amendment conferred an individual right to keep and bear arms," particularly in an individual's home and for self-defense.  554 U.S. 595, 570 (2008).  The Supreme Court dedicated the bulk of *Heller* to explaining that the right to bear arms is an individual right rather than a collective right exercised only by a militia.  *See id.* at 576–81.  But the Court also found that "the right was not unlimited." *Id.* at 595.  Further, it stated that, "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 626.

---

[2] *E.g.*, *United States v. Gamble*, No. 2:22-CR-267-JAD-EJY, 2023 WL 6460665, at *3 (D. Nev. Oct. 4, 2023) (upholding Section 922(g)(1) and finding previous Ninth Circuit caselaw consistent with *Bruen*); *United States v. Hill*, 629 F. Supp. 3d 1027, 1030 (S.D. Cal. 2022) (finding that previous Ninth Circuit precedent was not overruled by *Bruen*); *United States v. Adame-Lopez*, No. 3:23-CR-24-LRH-CLB, 2024 WL 343442, at *4 (D. Nev. Jan. 30, 2024) (denying motion to dismiss on same grounds); *United States v. Brown*, No. 2:22-CR-214-JAD-DJA, 2023 WL 7017622, at *4 (D. Nev. Oct. 25, 2023) (finding Section 922(g)(1) constitutional under prior Ninth Circuit precedent and *Bruen*'s new test); *United States v. Roberts*, No. 3:23-CR-57-TMB-KFR1, 2024 WL 50889, at *6 (D. Alaska Jan. 4, 2024) (explaining that every district court in the Ninth Circuit has upheld Section 922(g)(1)'s constitutionality in the face of *Bruen*).

**James C. Mahan**
**U.S. District Judge**

*McDonald v. City of Chicago* advanced the Supreme Court's Second Amendment jurisprudence by incorporating the Second Amendment right defined in *Heller* against the states. *McDonald*, 561 U.S. 742, 791 (2010). In *McDonald*, the Supreme Court reaffirmed the limits of its Second Amendment holdings. *Id.* at 786. The justices reiterated that "[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . ." *Id.* (internal citations omitted).

*Bruen* is the most recent addition to the Supreme Court's Second Amendment jurisprudence and the decision upon which Patillo relies for his argument. However, while the Supreme Court's holding in *Bruen* expanded the individual right to keep and bear arms for self-defense from the home to in public, it did not overturn all firearm regulations. 597 U.S. at 70. *Bruen* held that "the Second Amendment is not unlimited," 597 U.S. at 21 (internal citations omitted); *Heller*, 554 U.S. at 595; *McDonald*, 561 U.S. at 786, nor is it a "regulatory straightjacket." 597 U.S. at 30. Furthermore, Justice Kavanaugh, joined by Justice Roberts, reaffirmed the language used in *Heller* and *McDonald* by specifically approving of "longstanding prohibitions on the possession of firearms by felons" in his concurring opinion. 597 U.S. at 81 (Kavanaugh, J., concurring). Justice Alito also noted in his concurring opinion that "[o]ur decision . . . does not expand the categories of people who may lawfully possess a gun." *Id.* at 73 (Alito, J., concurring).

Notwithstanding the Supreme Court's explicit recognition of the constitutionality of felon-in-possession regulations on firearms, *id.* at 81 (Kavanaugh, J., concurring), Patillo rests his argument on *Bruen*'s rejection of the circuit courts' two-step framework for analyzing Second Amendment challenges that emerged following *Heller* and *McDonald*. *Id*. at 19–23. Step one required the government to conduct a historical analysis, while step two was a means-end scrutiny

test that evaluated the "severity of the law's burden" on the implicated Second Amendment right. *Id.* Patillo argues this section of *Bruen* abrogates previous Ninth Circuit decisions. (ECF No. 27 at 3).

In declining the circuit courts' two-step test, the Court in *Bruen* did not set forth an entirely new framework for evaluating firearms regulations, as contended by Patillo. *Id.* at 31. Rather, the Court merely found the second step "one step too many," while affirming the first. *Bruen*, 597 U.S. at 17–20. The court found the first step consistent with *Heller* and made it "more explicit." *Id.* at 31. Thus, *Bruen* abrogated only decisions that found firearm regulations constitutional under the second step, but not those that found constitutionality based on a historical analysis under the first step. *Id.* at 17–18. *Bruen* also reaffirmed the Court's limiting holdings in *Heller*. *Id.* at 21.

Accordingly, while Patillo argues that the government must conduct an extensive historical analysis of Section 922(g)(1) (ECF No. 27, at 13–14), such an approach is unnecessary since previous Ninth Circuit decisions already performed a historical analysis under *Heller* and therefore provide this court with binding precedent. *See United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010); *United States v. Phillips*, 827 F.3d 1171 (9th Cir. 2016).

B.   *Bruen* has not abrogated Ninth Circuit caselaw.

Patillo argues that *Bruen* abrogated prior Ninth Circuit caselaw finding felon-in-possession statutes constitutional. (ECF No.27, at 11). Patillo points specifically to *Vongxay* and *Phillips*, arguing that *Heller*'s list of "presumptively lawful" restrictions, upon which *Vongxay* and *Phillips* relied, were overturned by *Bruen* due to its emphasis on *Heller*'s historical analysis. (ECF No. 27, at 9). The government contends that Patillo "fundamentally misconstrues" Supreme Court precedent, arguing that *Bruen* merely made "more explicit" the historical analysis outlined in

James C. Mahan
U.S. District Judge

- 5 -

*Heller* and used by the Ninth Circuit in *Vongxay* and *Phillips*. (ECF No. 31, at 4–6). The court agrees with the government.

"Some tension between the intervening higher authority and prior circuit precedent" is not enough to overrule Ninth Circuit precedent. *Fed. Trade Comm'n v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019) (internal citations and quotations omitted). Further, even if "the intervening higher authority [has] cast doubt on the prior [Ninth Circuit] precedent . . . [t]he intervening higher precedent must be *clearly inconsistent*" with prior Ninth Circuit precedent for it to be overruled. *Lair v. Bullock*, 697 F.3d 1200, 1027 (9th Cir. 2012) (emphasis added) (internal citations and quotations omitted). The Ninth Circuit has held that, "as long as we can apply our prior circuit precedent without running afoul of the intervening authority, we must do so." *Id.* (internal citations and quotations omitted).

Although "some tension" may exist between the Supreme Court's holding in *Bruen* and the Ninth Circuit's precedent in *Vongxay* and *Phillips*, it is not enough to overturn the latter cases. *Consumer Def., LLC*, 926 F.3d at 1213. The Supreme Court's holding in *Bruen* leaves the Ninth Circuit's holding in *Vongxay* and *Phillips* undisturbed because the Ninth Circuit used the historical analysis required by *Heller* and *Bruen* to uphold the constitutionality of 18 U.S.C. Section 922(g)(1). *See Vongxay*, 594 F.3d at 1116–18; *see also Phillips*, 827 F.3d at 1174–76, n.2.

In *Vongxay*, the Ninth Circuit found that felons are "categorically different" than "the people" who have historically held a right to bear arms under the Second Amendment. 594 F.3d at 1115. The circuit court explained that because "the right to bear arms was inextricably . . . tied to the concept of a virtuous citizenry," "the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) . . ." *Vongxay*, 594 F.3d at 1118. Additionally, the Ninth

**James C. Mahan**
**U.S. District Judge**

- 6 -

Circuit found that *Heller* identified the "longstanding restrictions on gun possession" by felons as "presumptively lawful." *Id.* (quoting *Heller*, 554 U.S. at 626).

In *Phillips*, the Ninth Circuit explicitly referenced its reliance on *Heller* when it said that "[t]he Court in *Heller* seemed to equate the status of a felon . . . with a presumptive disqualification from the Second Amendment right." 827 F.3d at 1174 (internal citations omitted). Thus, Ninth Circuit precedent necessarily "forecloses" an argument that Section 922(g)(1) is unconstitutional. *Id.* at 1174.

Rather than overturning the limiting language in *Heller* and *McDonald* that allows "longstanding prohibitions" on firearms for felons, Justice Kavanaugh's concurrence in *Bruen* specifically upheld that language. 597 U.S. at 81 (Kavanaugh, J., concurring). The majority also held that the Second Amendment right "to bear commonly used arms in public" is "subject to certain reasonable, well-defined restrictions." *Id*. at 70. Accordingly, in holding that *Heller*'s non-exhaustive list of "presumptively lawful" firearm regulations was "integral" to the Supreme Court's decision and thus binding, Ninth Circuit precedent is in line with the holdings in *Heller*, *McDonald*, and now *Bruen*. *Vongxay*, 594 F.3d at 1115; *accord Heller*, 554 U.S. at 627, n.26. *See McDonald*, 561 U.S. at 786 (stating that the Court's holding "does not imperil every law regulating firearms"); *Bruen*, 597 U.S. at 81 (identifying "prohibitions on possession of firearms by felons" as "presumptively lawful").

Because the court finds that *Bruen* did not abrogate *Vongxay* and *Phillips*, the court declines to reexamine the constitutionality of Section 922(g)(1). Under *Vongxay* and *Phillips*, Section 922(g)(1) is constitutional because Ninth Circuit precedent must be "clearly inconsistent" with Supreme Court precedent for it to be overturned. Because they are not clearly inconsistent, the holdings in *Vongxay* and *Phillips* are still good law.

**James C. Mahan**
**U.S. District Judge**

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 27) is DENIED.

DATED February 21, 2024.

_____
UNITED STATES DISTRICT JUDGE