UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00057-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAMIEN PATILLO, | |
| Defendant. | |

**I.      SUMMARY**

A grand jury indicted Defendant Damien Patillo on three counts, including felon in possession of a firearm, possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense. (ECF No. 34.) Trial was recently continued to January 6, 2024. (ECF No. 119.) Before the Court is Defendant's motion in limine to preclude DEA Agent Nestor's proposed expert testimony and request for *Daubert* hearing. (ECF Nos. 118 ("Motion")[1].) As further explained below, the Motion is granted in part and denied in part.

**II.     DISCUSSION**

Defendant argues that the government intends to call DEA Agent Nestor to provide expert testimony that Defendant intended to distribute methamphetamine and that the firearm at issue belonged to Defendant, but that Nestor's testimony is not relevant, reliable, or sufficiently noticed, while any probative value is outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. (ECF No. 118.) The government generally responds that Nestor's testimony is relevant, that it does not implicate Rule 403, and that Nestor will not testify as to any conclusion about Defendant's mental state (i.e., his intent

---

[1]The government responded (ECF No. 120) and Defendant replied (ECF No. 121).

to distribute methamphetamine.) (ECF No. 120.) The Court agrees in part with the government and will mainly permit Agent Nestor to testify as noticed.[2]

The government's notice provides that Agent Nestor's testimony will include the following five subject areas:

> (a) drug trafficking structures and organizations, including the modus operandi of, and paraphernalia associated with, narcotics distribution and storage; (b) the quantities of narcotics including the difference between quantity intended for personal use and a quantity intended for further distribution to other purchasers; (c) the value of narcotics including the value of quantities intended for personal use and quantities intended for further distribution and the whole sale and retail or street value of methamphetamine in Las Vegas during the time charged in the superseding indictment; (d) that drug dealers often possess firearms to protect themselves, their contraband, and/or their currency; and (e) other areas which are within the witness' area of expertise and are helpful to the jury's comprehension of relevant issues in the case.

(ECF No. 93 at 2.) The government further noticed that Agent Nestor may be asked "hypothetical questions" regarding the noticed subjects. (Id.) Defendant argues that none of those subject areas are admissible because of a lack of relevance and reliability, and the potential for unfair prejudice.[3]

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Supreme Court provided additional guidance on Rule 702 and its application in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co.*,

---

[2]A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). The Court's rulings on motions in limine are provisional. *See Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000) (stating that such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial").

[3]The Motion does not explicitly challenge that Agent Nestor's experience qualifies him as an expert (ECF No. 118 at 8), but the Court does not construe the absence of a specific argument to amount to a waiver. The government will still need to offer evidence to qualify Agent Nestor as an expert, and Defendant will have the opportunity to challenge his qualifications.

2

*Ltd. v. Carmichael*, 526 U.S. 137 (1999). In *Daubert*, the Court held that scientific testimony must be reliable and relevant to be admissible. *See* 509 U.S. at 589. *Kumho Tire* clarified that *Daubert's* principles also apply to technical and specialized knowledge. *See* 526 U.S. at 141. The trial court has "considerable leeway" in deciding how to determine the reliability of an expert's testimony and whether the testimony is in fact reliable. *Id.* at 152. The "test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* at 141.

Defendant argues that Agent Nestor's proposed testimony is not relevant or reliable because it is not helpful to the trier of fact given the scope of the charges. In particular, Defendant contends that testimony in the first four categories—drug trafficking structures and organizations, quantities of drugs for distribution and personal use, drug value for sale and for personal use, and involvement of firearms for protection in drug trafficking—is not reliable or relevant. The Court agrees with the government that the general opinion testimony offered based on Agent Nestor's specialized knowledge and experience seems reliable given Agent Nestor's background and experience (ECF No. 93-1)[4]. And the particular exert testimony about drug trafficking, including the four subject areas noticed (a-d), are relevant to the underlying charges for drug trafficking and possession of firearms in furtherance of a drug trafficking offense. The average juror would not be familiar with drug trafficking organizations, the general amount of methamphetamine involved in personal use and the amount generally involved in distribution, the street value of the drug, or how firearms would be involved. In sum, the Court agrees with the government that Agent Nestor's testimony in the four categories as noticed is reliable and relevant.[5]

---

[4] As noted, the government will still need to qualify Agent Nestor as an expert based on his specialized training and experience.

[5] While Defendant argues that any probative value of Agent Nestor's proposed testimony is outweighed by the potential for unfair prejudice, the Court cannot determine whether and how Fed. R. Evid. 403 would be implicated. Defendant can raise any objection as to unfair prejudice in the context of trial. It is also not clear whether hypothetical questions relating to these areas would raise Rule 403 concerns. The Court

1    Defendant argues that the catch-all fifth category of testimony is insufficient to
2    provide notice of Agent Nestor's testimony. (ECF No. 118 at 18.) Fed. R. Crim. P.
3    16(a)(1)(G)(iii) provides that the expert witness disclosure must include "a complete
4    statement of all opinions . . . and the basis and reasons for them." The government's
5    notice provides that Agent Nestor's testimony will include "other areas which are within
6    the witness's expertise and are helpful to the jury's comprehension of the relevant issues
7    in the case." (ECF No. 93 at 2.) That essentially translates to a statement that Agent
8    Nestor will testify as to the issues in the case, which does not provide any specificity as
9    to what opinions he will offer or the basis and reasons for his opinions. The Court thus
10   agrees with Defendant that Agent Nestor's testimony as to this last category should be
11   excluded.

12   Defendant also argues that the proposed testimony goes to Defendant's mental
13   state—whether Defendant possessed methamphetamine with the intent to distribute—
14   and is improper expert testimony. (ECF No. 118 at 9-16.) The government responded
15   that their notice does not state that Agent Nestor will testify as to Defendant's intent. (ECF
16   No. 120 at 6.) The court agrees with Defendant that, to the extent Agent Nestor's
17   testimony relates to Defendant's intent, that testimony will be excluded. But the Court
18   does not find it improper for Agent Nestor to testify as to the four subject areas noticed to
19   allow the jury to infer Defendant's intent.

20   **III.    CONCLUSION**

21   The Court notes that the parties made several arguments and cited several cases
22   not discussed above. The Court has reviewed these arguments and cases and
23   determines that they do not warrant discussion as they do not affect the outcome of the
24   Motion before the Court.

25   It is therefore ordered that Defendant's motion in limine to preclude DEA Agent
26   Nestor's proposed expert testimony (ECF No. 118) is granted in part and in denied part.

27

28   similarly defers ruling on any objection to hypothetical questions to resolve them in the
     context of trial.

Agent Nestor will not be permitted to offer opinion testimony about the fifth category in the government's notice and will not be permitted to testify as to Defendant's intent.

DATED THIS 23rd Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE