UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMIEN PATILLO,<br><br>Defendant. | Case No. 2:22-cr-00057-MMD-NJK<br><br>ORDER |

**I.  SUMMARY**

A grand jury indicted Defendant Damien Patillo on three counts: felon in possession of a firearm; possession with intent to distribute methamphetamine; and possession of a firearm in furtherance of a drug trafficking offense. (ECF No. 34.) Following a bifurcated trial, the jury convicted Defendant of possession with intent to distribute methamphetamine (count two) and acquitted him of the other two counts. (ECF Nos. 170, 174.) Before the Court are Defendant's motion for judgment of acquittal (ECF No. 178) and motion for new trial (ECF No. 179).[1] As further explained below, the Court denies both motions.

**II.  DISCUSSION**

    **A.  Motion for Judgment of Acquittal (ECF No. 178)**

Defendant argues the government failed to prove the element of intent to distribute beyond a reasonable doubt to support a conviction for possession with intent to distribute methamphetamine.[2] (ECF No. 178 at 5.) Defendant insists the evidence offered,

---

[1] The government filed responses (ECF Nos. 194, 195) and Defendant filed replies (ECF No. 196, 197). Defendant supplemented his initial motion for new trial with citations to the record. (ECF No. 186.)

[2] Defendant moved for judgment of acquittal under Fed. R. Crim. P. 29(a) at the close of the government's case, and the Court denied the motion. (ECF No. 165.)

consisting of his possession of 16 baggies of methamphetamine and DEA special agent ("SA") Nestor's testimony as to indicia of drug distribution, is insufficient to support the jury's verdict when other evidence (i.e., syringes found on Defendant and testimony from officers that syringes were of a kind user would use to inject methamphetamine) indicates personal use. (*Id.* at 5-6; ECF No. 196 at 2-4.) The government's response points to evidence that supports the jury's verdict: Defendant possessed methamphetamine (21 grams broken down into individually wrapped baggies of various sizes) and SA Nestor's testimony that a user generally possess one or two "teener" bags (1.75 grams) of methamphetamine and possibly up to five "teener" bags, and the methamphetamine that Defendant had on him was still in "crystal form" not ready for ingestion. (ECF No. 194 at 4-5.)

The Court reviews Defendant's post-verdict motion for judgment of acquittal, renewing his earlier Rule 29 motion, under a sufficiency of the evidence standard. *See United States v. Gonzalez,* 528 F.3d 1207, 1211 (9th Cir. 2008). A criminal defendant's challenge to the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires a court, upon such a motion, to construe the evidence "in the light most favorable to the prosecution" to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). When considering evidence in the light most favorable to the prosecution, "faced with a record of historical facts that supports conflicting inferences, a reviewing court must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson*, 443 U.S. at 326).

Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that the government established the element of possession with

1    intent to distribute methamphetamine beyond a reasonable doubt.[3] Defendant had in his
2    possession 16 individually wrapped baggies of various sizes containing a total of 21
3    grams of methamphetamine. (Exhibits 36, 42.) As the government highlights, SA Nestor's
4    expert testimony that this quantity, the packaging of the meth in various sizes, and the
5    crystal form of the drugs are indications of distribution supporting the intent to distribute
6    element,[4] along with SA Nestor's testimony that for personal use, an individual may have
7    one or two "teener" bags or even up to five "teener" bags in their possession—and
8    Defendant had much more. (ECF No. 194 at 4.) Defendant points to evidence that could
9    indicate personal use—he had syringes on him—and the absence of other indicia of
10   distribution—"logs, owe sheets, empty bags, scales, etc."—to argue "the evidence of use
11   of drugs was overwhelming." (ECF No. 196 at 3-4). But at best, the evidence Defendant
12   relies on as indicia of personal use provides "conflicting inferences," and the jury drew the
13   inferences in favor of a finding of distribution in convicting Defendant. And the Court must
14   "defer to [the jury's] resolution" of such conflict in favor of the prosecution. *See Nevils*,
15   598 F.3d at 1164. Accordingly, the Court denies Defendant's motion for judgment of
16   acquittal.

**B.    Motion for New Trial (ECF No. 179)**

Defendant contends the Court should exercise its discretion to grant a new trial under Fed. R. Crim. P. 33(a) on two grounds: lack of evidence as to his intent to distribute methamphetamine; and a government witness's (Las Vegas Metropolitan Police ("LVMP") Officer Shai-Anthony Lindsey-Souza ("Lindsey")) testimony that he considered a subject's criminal history in determining whether to charge the subject with distribution, thereby suggesting that Defendant has a criminal history. (ECF No. 179 at 4-5.) The

---

[3]Defendant's motion challenges only one element of the offense charged in count one—that he possessed methamphetamine with the intent to distribute to another person. (ECF No. 178 at 4.)

[4]Defendant responds that SA Nestor's testimony that, to his knowledge, methamphetamine is delivered through smoking, not injection, is contrary to testimony of the officers who testified. (ECF No. 196 at 4.) But the jury resolved this discrepancy in favor of finding that Defendant's possession was for distribution.

government responds that the evidence supports the jury's verdict and disputes Defendant's characterization of the witness's testimony. (ECF No. 195.) The Court generally agrees with the government.

Under Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Although determining whether to grant a motion for a new trial is left to the district court's discretion, "it should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation and internal quotation marks omitted). Moreover, the defendant bears the burden of persuasion. *See United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). Such an extraordinary remedy is appropriate, for example, when a court makes an erroneous ruling during the trial and that, but for that erroneous ruling, the outcome of the trial would have been more favorable to the defendant. *See United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978).

As to Defendant's first ground—evidence supporting intent—the Court's reasoning in denying a new trial discussed above applies here. Defendant points to absence of direct evidence of intent. (ECF No. 179 at 4.) But the government did offer circumstantial evidence of Defendant's intent to distribute methamphetamine, and the jury resolved any conflicting evidence of personal use in favor of the government and against Defendant. Moreover, the distinction between direct and circumstantial evidence is of little significance in the context of this case considering the evidence of distribution. In fact, the jury was instructed that "[t]he law makes no distinction between the weight to be given to either direct or circumstantial evidence." (ECF No. 168 at 4.) And this instruction was correct.

Defendant's second ground—that Lindsey improperly suggested that Defendant has a criminal history—requires examination of the witness's actual testimony. Lindsey was a patrol officer with LVMP at the time of Defendant's encounter with law enforcement

in 2021. (ECF No. 183 at 4.) Towards the start of Lindsey's direct examination, he was asked about his experience as a patrol officer:

> Q. At the time, in 2021, were you still a patrol officer?
> A. That is correct.
> Q. Okay.
> I want to ask you couple questions about your experience as a patrol officer.
> Did you come into contact, as a patrol officer, with individuals in possession of methamphetamine?
> A. Yes.
>
> ***
>
> Q. And what is your role as a police officer – what is your decision as a police officer when you come into contact with the individual in possession of methamphetamine?
> A. We always have the discretion to make an arrest or not make an arrest, to sign them up as a confidential informant. Again, meaning if there was enough amount to test and weigh, we would make an arrest with it. If there was opportunity to sign them up, we would. Sometimes it was just residue, and we would just destroy evidence and gone with our ways.
> Q. And not make an arrest in the last case?
> A. Correct.
> Q. Okay.
> You mentioned making arrests. Do you as a police officer place the charge on the individual?
> A. Yes.
> Q. How do you determine whether you're going to charge someone with possession or distribution or dealing?
> A. Possession is usually a much smaller amount, meaning maybe just one bag, or is there burnt spoons, to torches, to needles, meaning paraphernalia, drug paraphernalia that's used to ingest the drugs. For sales or distribution, meaning there could be multiple baggies that's pre-weighted, to empty baggies to be pre-weighted, or large amounts of cash, two different denominations.
> Q. As a police officer, in the first five years of your career doing patrol work, is that your discretion whether to charge one or the other?
> A. Correct.
> Q. You've made -- you referenced the amounts that you're looking at and paraphernalia. Is there anything else that you're looking at, in your five years as a police officer, when determining whether to charge possession or dealing?
> A. Looking at that subject's record, there could be mostly possession, meaning they're mostly a drug user. Drug paraphernalia charges just to possession charges,

```
            to some with both, meaning to have distribution to sales,
            to intent to sell that drug, to just being a user.
```

(*Id.* at 5-7.) Defendant argues that because he was charged with possession with intent to distribute in this case, "a juror could take this testimony on reviewing criminal history to mean that Patillo had a history of distribution." (ECF No. 197 at 3.)

First and foremost, Lindsey did not testify about Defendant's history, nor did he testify that Defendant has any prior convictions. The evidence also shows Lindsey was not the primary officer who arrested Defendant. (ECF No. 195 at 7.) Moreover, viewed in context, Lindsey testified about factors that he in general considered in exercising his discretion whether to charge for possession or dealing, and he identified "a subject's record" as among several factors. (ECF No. 183 at 7.) And Lindsey did not testify, as Defendant suggests, that criminal history of distribution would lead to a distribution charge. Viewed in context, Lindsey's testimony cannot be reasonably construed to infer that Defendant has a criminal history, let alone a criminal history of drug distribution.

In sum, Defendant's argument does not persuade the Court that his case falls into the category of "exceptional cases in which the evidence preponderates heavily against the verdict." *Pimentel*, 654 F.2d at 545. Accordingly, the Court denies Defendant's motion for a new trial.

### III.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for judgment of acquittal (ECF No. 178) is denied.

///

///

///

It is further ordered that Defendant's motion for new trial (ECF No. 179) is denied.

DATED THIS 1st Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE